SUNITA KAPOOR LL.M. (SBN #154186)
LAW OFFICES OF SUNITA KAPOOR
4115 Blackhawk Plaza Circle, Suite 100
Danville, CA 94506
Telephone: (925) 351-6789
Facsimile: (925) 309-4569

Attorney for Plaintiff,
Ruby Grapes, LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Ruby Grapes, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>Mitch Spaletta, an individual, Mary Spaletta, an individual, Erica Bettencourt, an individual, Intercoastal Wine Company, LLC, a California limited liability company and DOES 1-50 inclusive,<br><br>Defendants, | Case No.  4:20-CV-5302<br><br>**COMPLAINT FOR:**<br><br>1) **CIVIL – RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT - 18 U.S.C. 1962(C);**<br>2) **CIVIL – RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT - 18 U.S.C. 1962(D);**<br>3) **FRAUD AND DECEIT;**<br>4) **UNFAIR COMPETITION – CALIFORNIA BUS. & PROF. CODE § 17200, *ET SEQ.*;**<br>5) **UNJUST ENRICHMENT;**<br>6) **CIVIL CONSPIRACY;**<br>7) **CONVERSION; AND**<br>8) **INJUNCTIVE RELIEF;**<br><br>**DEMAND FOR TRIAL BY JURY** |

Plaintiff Ruby Grapes, LLC, a California limited liability company, (hereinafter referred to as "Plaintiff"), alleges against Defendants, Mitch Spaletta, an individual, Mary Spaletta, an individual, Intercoastal Wine Company, LLC, a California limited liability company (hereinafter collectively referred to as "Defendants") and DOES 1-50 the following:

## THE PARTIES

1. Plaintiff Ruby Grapes, LLC, is a California limited liability company located in Livermore, California, USA.

2. Defendant Intercoastal Wine Company, LLC, is a California limited liability company doing business in Lodi, California, USA (hereinafter referred to as "Intercoastal").

3. Defendant Mitch Spaletta is an individual residing in California (hereinafter referred to as "Mitch"). Plaintiff is informed and believes that Defendant Mitch is the Managing Member of Defendant Intercoastal.

4. Plaintiff is informed and believes that Defendant Mitch is an alter ego of corporate Defendant Intercoastal.

5. Plaintiff is informed and believes that Defendant Mitch is a moving force behind the actions of Defendant Intercoastal, and personally directed and benefited from the activities of Defendant Intercoastal.

6. Defendant Mary Spaletta is an individual residing in California (hereinafter referred to as "Mary"). Plaintiff is informed and believes that Defendant Mary is a Member of Defendant Intercoastal.

7. Plaintiff is informed and believes that Defendant Mary is also an alter ego of corporate Defendant Intercoastal.

8. Plaintiff is informed and believes that Defendant Mary is a moving force behind the actions of Defendant Intercoastal, and personally directed and benefited from the activities of Defendant Intercoastal.

9. Defendant Erica Bettencourt is an individual residing in California (hereinafter referred to as "Erica"). Plaintiff is informed and believes that Defendant Erica is an employee of Defendant Intercoastal.

10. Defendants Mitch, Mary, Erica and Intercoastal are hereinafter collectively referred to as "Defendants".

11. Plaintiff is informed and believes that at all times relevant to this Complaint that Defendant Intercoastal did not and does not have sufficient funding to assume responsibility for its foreseeable and actual liabilities.

12. Plaintiff is informed and believes that at all times relevant to this Complaint, Defendant Intercoastal was undercapitalized.

13. Plaintiff is informed and believes that, since the time of its creation, now, and at all times relevant to this Complaint, Defendant Intercoastal has failed to observe corporate formalities as required by law.

14. Plaintiff is unaware of the true names and capacities of Defendants sued as DOES 1-50, inclusive, and therefore sues these Defendants by these fictitious names. Plaintiffs will amend this Complaint to allege their true names and capacities when they have been ascertained. Plaintiffs are informed and believe and thereon alleges that each of the fictitiously named Defendants are legally responsible in some manner for the occurrences alleged in this Complaint for Plaintiff's damages.

15. Plaintiff is informed and believes and thereon alleges that, at all relevant times, each of the Defendants, including DOES 1-50, inclusive, were the agent or employee of the remaining Defendants and, in doing the things alleged, was acting within the scope of that agency or employment.

## JURISDICTION AND VENUE

16. Pursuant to 28 U.S.C. § 1331 the Court has original jurisdiction over the subject matter of this Complaint. This action arises under federal law, 18 U.S.C. §§ 1962 et seq., and thus this Court has jurisdiction over the subject matter pursuant to 28 U.S.C. § 1331 and 18 U.S.C. § 1962. This Court has supplemental jurisdiction over related state law claims pursuant to 28 U.S.C. § 1367(a) because these claims form part of the same case or controversy.

17. Defendants have purposely availed themselves of the privilege of conducting activities within California, thus invoking the benefits and protections of its laws. Defendants have engaged in wrongful conduct targeted at Plaintiffs whom the Defendants knew to be residents of the forum state.

18. By virtue of the foregoing, this Court has original jurisdiction, pursuant to 28 U.S.C. § 1331.

19. Venue is proper in this District under 28 U.S.C. §1391(b)(2).

20. A jury trial is demanded.

## BACKGROUND AND GENERAL ALLEGATIONS

21. Since September 2018, Plaintiff has used the wine processing and storage facilities located at 13731 N Hwy 88, Lodi, CA 95240 (hereinafter referred to as the "Winery").

22. Plaintiff pays a storage fee of $0.08 per gallon to store approximately 70,000 gallons of wine at the Winery (hereinafter referred to as the "Wine").

23. On March 4, 2020, California Governor Gavin Newsom (hereinafter referred to as the "Governor") proclaimed a State of Emergency.

24. California's anti-price gouging statute, Penal Code Section 396, prohibits raising the price of many consumer goods and services by more than 10% after an emergency has been declared.

Price gouging laws include "storage services" as a protected service during a declared State of Emergency.

25. Plaintiffs may allege price gouging is unlawful under California's Unfair Competition Law, which finds business practices unlawful where prohibited by a specific law. CA Penal Code section 396 expressly provides a violation can serve as a predicate unlawful act under § 17200.

26. As a result of the Governor's various orders and due to COVID-19, wineries and wine storage facilities were greatly impacted with shortages in labor, shippers, and closures.

27. On or about May 1, 2020, Defendants purchased the Winery.

28. On or about June 15, 2020, Hakam Misson, the Managing Member of Plaintiff Ruby Grapes, LLC (hereinafter referred to as "Mr. Misson"), contacted Defendant Mitch to introduce himself and to inform Defendant Mitch that Plaintiff would be removing the Wine being stored at the Winery by the end of August 2020.

29. Based upon information and belief, after this call Defendants and DOES 1-50 concocted a plan to extort as much monies as possible from Plaintiff prior to their departure by increasing its storage fees first by **625%** then ultimately to **1,250%**! (hereinafter referred to as the "Scheme").

30. On Friday, July 10, 2020, Defendants set their Scheme into motion by sending an email to Plaintiff stating that they would be increasing the wine storage fee within 72 hours to $0.50 per gallon.

31. Based upon information and belief, in furtherance of their Scheme, Defendants on Friday, July 10, 2020 provided Plaintiff with a 72-hour notice to either remove their Wine or pay $0.50 per gallon, a 625% increase. Given the volume of Wine, Defendants knew that it would be practically impossible for Plaintiff to remove its Wine within the 72-hour ultimatum. The notice further provided that Plaintiff could not remove its Wine until all invoices were paid.

32. Based upon information and belief, Defendants willfully and **intentionally** damaged Plaintiff's Wine so that Plaintiff would no longer be a direct competitor of Defendants.

33. Based upon information and belief, after Plaintiff provided notice that it would be moving its Wine, Defendants stopped properly storing Plaintiff's Wine.

34. Based upon information and belief, prior to Defendants acts, Plaintiff's Wine had an estimated market value of over $7,000,000.

35. On July 12, 2020, Plaintiff emailed Defendants back disputing this increase as unreasonable and price gouging.

36. On July 14, 2020, Defendant Mitch verbally agreed to no longer increase Plaintiff's storage rate and would allow time for Plaintiff time to remove its Wine.

37. On July 21, 2020, Mr. Misson sent an email to Defendant Mitch thanking and confirming that Plaintiff's storage rate would not be increased.

38. However, on July 31, 2020, Defendants doubled down on their Scheme and sent Plaintiff an invoice with a storage fee of $1.00 per gallon, a **1,250% increase** of the rate Plaintiff was paying.

39. On July 31, 2020, Mr. Misson contacted Defendant Mitch via phone and email questioning the rate increase in the light of their earlier agreement. Defendant Mitch did not respond.

**FIRST CAUSE OF ACTION**
**(CIVIL – RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT (R.I.C.O.) IN VIOLATION OF 18 U.S.C. 1962(C) - OPERATION OF ENTERPRISE THROUGH RACKETEERING ACTIVITY)**

40. Plaintiff realleges and incorporates by this reference each of the allegations contained in the paragraphs alleged above as if fully set forth herein.

41. Defendants agreed to and did conduct and participate in the enterprise's affairs through a pattern of racketeering activity and for the unlawful purpose of intentionally defrauding and extorting monies from Plaintiff.

42. Pursuant to and in furtherance of their fraudulent scheme, Defendant committed multiple related acts including, without limitation, violation of 18 U.S.C. § 1341 through mail and wire fraud.

43. The acts set forth above constitute a pattern of racketeering activity pursuant to 18 U.S.C. § 1961(5).

44. Defendants have directly and indirectly conducted and participated in the conduct of the enterprise's affairs through the pattern of racketeering and activity described above, in violation of 18 U.S.C. § 1962(c).

45. As a direct and proximate result Defendants' racketeering activities and violations of 18 U.S.C. § 1962(c), Plaintiffs have been injured in their business and property.

46. Therefore, Defendants have violated 18 U.S.C. § 1962(c) in that they are an enterprise engaged in, or the activities of which affect interstate or foreign commerce and have conducted or participated in directly or indirectly, the conduct of such enterprises affairs through a "pattern of racketeering activity".

WHEREFORE, Plaintiff prays for judgment against Defendants and for relief as set forth in the Prayer for Relief.

## SECOND CAUSE OF ACTION
### (CIVIL – RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT (R.I.C.O.) – IN VIOLATION OF 18 U.S.C. 1962(D) OPERATION OF ENTERPRISE THROUGH RACKETEERING ACTIVITY)

47. Plaintiff realleges and incorporates by this reference each of the allegations contained in the paragraphs alleged above as if fully set forth herein.

48. As set forth above, the Defendants agreed and conspired to violate 18 U.S.C. § 1962(c). Defendants conspired to conduct and participate in the conduct of the affairs of the enterprise through a pattern of racketeering activity.

49. Defendants have intentionally conspired and agreed to directly and indirectly conduct and participate in the conduct of the affairs of the enterprise through a pattern of racketeering activity. Defendants knew that their predicate acts were part of a pattern of racketeering activity and agreed to the commission of those acts to further the schemes described herein. That conduct constitutes a conspiracy to violate 18 U.S.C. § 1962(c), in violation of 18 U.S.C. § 1962(d).

50. As a direct and proximate result of Defendants' conspiracy, the overt acts taken in furtherance of that conspiracy, and violations of 18 U.S.C. § 1962(d), Plaintiffs have been injured in their business and property as previously alleged herein.

51. As a sole, direct, proximate and legal result of Defendants conduct, Plaintiff has sustained severe damages and harm.

WHEREFORE, Plaintiff prays for judgment against Defendants and for relief as set forth in the Prayer for Relief.

## THIRD CAUSE OF ACTION
### (FRAUD AND DECEIT)

52. Plaintiff realleges and incorporates by this reference each of the allegations contained in the paragraphs alleged above as if fully set forth herein.

**A. General fraud allegations – Intentional Conduct:**

53. On or about June 15, 2020, Hakam Misson, the President for Plaintiff Ruby Grapes, LLC, contacted Defendant Mitch to introduce himself and to inform Defendant Mitch that Plaintiff would be remove the Wine by end of August 2020.

54. Based upon information and belief, Defendants concocted a plan to defraud and extort monies from Plaintiff and devised a Scheme to do so.

55. On Friday, July 10, 2020, Defendants set their Scheme into motion by sending an email to Plaintiff stating that they would be increasing the wine storage fee within 72 hours to $0.50 per gallon. The notice further provided that Plaintiff could not remove its Wine until all invoices were paid.

56. Based upon information and belief, in furtherance of their Scheme, Defendants knew that Plaintiff would be unable to remove the wine within a 72-hour window beginning on Friday July 10, 2020 and would be forced to pay them the exorbitant fee increase.

57. On July 12, 2020, Plaintiff emailed Defendants to dispute this increase and informed them that this was unreasonable as well as price gouging.

58. On July 14, 2020, Defendants agreed not to increase Plaintiffs storage rate and provide Plaintiff time to remove its Wine.

59. On July 21, 2020, Mr. Misson sent an email thanking Defendant Mitch for agreeing not to increase Plaintiff's storage rate.

60. On July 31, 2020, Defendants doubled down on their Scheme and sent Plaintiff an invoice with a storage fee of $1.00 per gallon, a **1,250% increase**.

61. On July 31, 2020, Mr. Misson contacted Defendant Mitch via phone and email questioning the rate increase in the light of their earlier agreement. Defendant Mitch did not respond.

62. In doing the acts herein alleged, Defendants conduct was willful and intentional, and done in reckless disregard of the Plaintiff's rights, Governor's declared State of Emergency and Penal Code 396. Defendants conduct evidenced a conscious disregard of the Plaintiff's rights, and exhibited a particularly malicious intent in light of the Defendants knowledge of Plaintiff's efforts and that such conduct would injure and damage Plaintiff. By reason thereof, Plaintiff is entitled to exemplary and punitive damages against Defendants in a sum sufficient to punish and deter the Defendants, in an amount according to proof at the time of trial.

**B. Fraud and Deceit - Intentional Misrepresentation:**

63. Defendants made representations as to past or existing material facts as set forth herein;
64. The representations were false;
65. Defendants knew that the representations were false when made or made the representations recklessly without knowing whether they were true or false;
66. Defendants made the representations with an intent to defraud Plaintiff, Defendants made the representations for the purpose of inducing Plaintiff to rely upon them and to act or to refrain from acting in reliance thereon;
67. Plaintiff was unaware of the falsity of the representations; acted in reliance upon the truth of the representations and were justified in relying upon the representations;
68. As a result of the reliance upon the truth of the representations, the Plaintiff sustained damages.

**(E) Fraud and Deceit- Negligent Misrepresentation**

69. Defendants made representations as to past or existing material facts;

70. The representations were false;

71. Defendants knew that the representations were false when made or made the representations recklessly without knowing whether they were true or false;

72. Defendants made the representations with an intent to defraud Plaintiff, that is, Defendants made the representations for the purpose of inducing Plaintiff to rely upon them and to act or to refrain from acting in reliance thereon;

73. Plaintiff was unaware of the falsity of the representations; acted in reliance upon the truth of the representations and was justified in relying upon the representations;

74. As a result of the reliance upon the truth of the representations, the Plaintiff sustained damages.

**(G) Applicable to all Fraud and Deceit Allegations:**

75. The aforementioned acts of Defendants were willful and Defendants acted with oppression, fraud and malice, with malicious intent and with the substantial certainty that such conduct would injure and damage Plaintiff. Defendants actions were willful, fraudulent, malicious, oppressive, despicable and in conscious disregard of Plaintiff's rights, and Plaintiff is therefore entitled to and requests the imposition of punitive and exemplary damages in a sum sufficient to punish and deter Defendants in an amount according to proof at the time of trial.

WHEREFORE, Plaintiffs prays for judgment against Defendants and for relief as set forth in the Prayer for Relief.

# FOURTH CAUSE OF ACTION
### (UNFAIR COMPETITION – CALIFORNIA BUS. & PROF. CODE § 17200, *ET SEQ*)

76. Plaintiff realleges and incorporates by this reference each of the allegations contained in the paragraphs alleged above as if fully set forth herein.

77. Based upon information and belief, Defendants have engaged in unlawful business acts or practices, including, but not limited to, price gouging, fraud, unjust enrichment, and civil conspiracy all in an effort to gain unfair competitive advantage over Plaintiff.

78. Based upon information and belief, Defendants have improperly and unlawfully taken advantage of the current socioeconomic situation and State of Emergency by damaging Plaintiff. In light of Defendants' conduct, it would be inequitable to allow Defendants to continue their Scheme in an unauthorized and unlawful manner.

79. Based upon information and belief, Defendants unfair business practices have unjustly damaged Plaintiff's competitive advantage and have caused and are causing Plaintiff to suffer damages.

80. As a result of such unfair competition, Plaintiff suffered irreparable injury.

81. Based upon information and belief, Defendants conduct as set forth above constitutes unlawful business practices in violation of Business and Professions Code sections 17200 *et seq.*

82. Based upon information and belief, Defendants acts of unfair competition are causing and will continue to cause great and irreparable injury to Plaintiff.

83. Defendants should be compelled to disgorge and or restore any and all revenues, earnings, profits, compensation and benefits they may have obtained in violation of Business and Professions Code sections 17200 *et seq.* Defendants should further be ordered to refrain from further unlawful, unfair and deceptive business practices.

84. Plaintiff realleges and incorporates by this reference each of the allegations contained in the paragraphs alleged above as if fully set forth herein.

WHEREFORE, Plaintiff prays for judgment against Defendants and for relief as set forth in the Prayer for Relief.

**FIFTH CAUSE OF ACTION**
**(UNJUST ENRICHMENT)**

85. Plaintiff realleges and incorporates by this reference each of the allegations contained in the paragraphs alleged above as if fully set forth herein.

86. Based upon information and belief, Defendants have been unjustly enriched by their conduct.

87. Based upon information and belief, Defendants engaged in fraudulently activity and developed a Scheme to extort monies from Plaintiff which resulted in damages to Plaintiff.

88. Plaintiff has been and continues to be harmed and Defendants conduct is a substantial factor in causing harm to Plaintiff.

89. Plaintiff realleges and incorporates by this reference each of the allegations contained in the paragraphs alleged above as if fully set forth herein.

WHEREFORE, Plaintiff prays for judgment against Defendants and for relief as set forth in the Prayer for Relief.

**SIXTH CAUSE OF ACTION**
**(CIVIL CONSPIRACY)**

90. Plaintiff realleges and incorporates by this reference each of the allegations contained in the paragraphs alleged above as if fully set forth herein.

91. Based upon information and belief, Plaintiff claims that he was harmed by Defendants conduct and that Defendant was a part of a conspiracy to commit fraud and Civil R.I.C.O Act violations amongst other torts listed in this Complaint.

92. Based upon information and belief, Defendants and DOES 1-50 made an agreement to defraud Plaintiff.

93. Plaintiff has been and continues to be harmed and Defendants conduct is a substantial factor in causing harm to Plaintiff.

94. Plaintiff realleges and incorporates by this reference each of the allegations contained in the paragraphs alleged above as if fully set forth herein.

WHEREFORE, Plaintiff prays for judgment against Defendants and for relief as set forth in the Prayer for Relief.

### SEVENTH CAUSE OF ACTION
### (CONVERSION)

95. Plaintiff realleges and incorporates by this reference each of the allegations contained in the paragraphs alleged above as if fully set forth herein.

96. Plaintiff enjoys certain rights and interests in its Wine.

97. Defendants have now exercised dominion and control over Plaintiff's Wine.

98. Defendants unjustly converted for their own use and benefit Plaintiff's Wine.

99. Defendants actions are oppressive, fraudulent and malicious, entitling Plaintiff to punitive damages in an amount to be proven at trial.

WHEREFORE, Plaintiff prays for judgment against Defendants and for relief as set forth in the Prayer for Relief.

## EIGHTH CAUSE OF ACTION
### (INJUNCTIVE RELIEF)

100. Plaintiff realleges and incorporates by this reference each of the allegations contained in the paragraphs alleged above as if fully set forth herein.

101. Defendants wrongful conduct, unless and until enjoined and restrained by order of this Court, will cause great and irreparable injury to the Plaintiff. Defendants by committing fraud, price gouging, making fraudulent misrepresentations, withholding information and materials from Plaintiff have placed the Plaintiff in a precarious position and are trying to keep Plaintiff's Wine and monies. Plaintiff has expended a great deal of time and cost to farm and process the Wine.

102. Plaintiff has no adequate remedy at law for the injuries currently being suffered and that it will continue to suffer because monetary damages would be inadequate if Defendants conduct is not restrained.

WHEREFORE, Plaintiff prays for judgment against Defendants and for relief as set forth in the Prayer for Relief.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray for judgment against Defendants, as follows:

a) For general and special damages in a sum according to proof at time of trial;

b) For an injunction preventing Defendants from committing price gouging and continuing to damage Plaintiff's Wine;

c) For exemplary and punitive damages in an amount subject to the discretion of this Court, but not less than an amount which will punish the Defendants for their actions and/or omissions to act;

d) For an order and judgment that Defendants, and each of them, jointly and severally indemnify Plaintiffs for all fees, costs, expenses, and losses described herein;

e) For costs of suit incurred herein;

f) For Attorneys' fees;

g) For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

DATED: July 31, 2020          LAW OFFICES OF SUNITA KAPOOR

By: _____
Sunita Kapoor