FRIEDMAN & SPRINGWATER LLP
RUTH STONER MUZZIN (S.B. NO. 276394)
350 Sansome Street, Suite 800
San Francisco, CA 94104
Telephone Number: (415) 834-3800
Facsimile Number: (415) 834-1044
Email: rmuzzin@friedmanspring.com

Attorneys for Defendants
INTERCOASTAL WINE COMPANY, LLC,
MITCH SPALETTA, RACHELE SPALETTA,
AND ERICA BETTENCOURT

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| RUBY GRAPES, LLC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MITCH SPALETTA, et al.,<br><br>　　　　Defendants. | Case No. 20-CV-05302-DMR<br><br>**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS COMPLAINT**<br><br>Hearing Date:　October 8, 2020<br>Time:　　　　　1:00 P.M.<br>Courtroom:　　4 |

## **TABLE OF CONTENTS**

Page

I. INTRODUCTION ................................................................................................................ 5

II. ARGUMENT ....................................................................................................................... 6

    A.    Plaintiff's Opposition Provides No Basis to Permit its Conclusory Claims of Racketeering to Proceed. ............................................... 6

        1.    No Racketeering Activity. ................................................................. 7

        2.    No Impact on Interstate Commerce. ................................................... 7

        3.    Failure to Plead Fraud with Particularity. .......................................... 7

        4.    No Damages. ...................................................................................... 9

        5.    Abandonment of RICO Conspiracy Cause of Action. ..................... 11

    B.    The Opposition States No Valid Ground for Leave to Amend. ..................... 11

    C.    There is No Basis for the Court to Retain Jurisdiction of Plaintiff's Insufficiently Pleaded State Law Claims. ....................................... 14

    D.    Plaintiff's Declarations Do Not Establish Proper Venue. .............................. 15

    E.    Defendants Have Not Waived Their Right to Sufficient Service of Process. ..................................................................................................... 17

III. CONCLUSION ................................................................................................................. 19

# TABLE OF AUTHORITIES

Page

**FEDERAL CASES**

*A.E. v. County of Tulare*, 666 F.3d 631 (9th Cir., 2012) ............................................. 12, 13, 14

*Albrecht v. Lund*, 845 F.2d 193 (9th Cir. 1988) .................................................................. 13, 14

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ........................................................................ 5, 6, 9, 13

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ........................................................ passim

*Brockmeyer v. May*, 383 F.3d 798 (9th Cir. 2004) ............................................................. 17, 19

*Chaset v. Fleer/Skybox Int'l, LP*, 300 F.3d 1083 (9th Cir. 2002) .............................................. 10

*Edwards v. Marin Park, Inc.*, 356 F.3d 1058 (9th Cir. 2004) .................................................. 8, 9

*Fireman's Fund Ins. Co. v. Stites*, 258 F.3d 1016 (9th Cir. 2001) .............................................. 10

*Howard v. America Online, Inc.*, 208 F.3d 741 (9th Cir. 2000) ............................................. 6, 11

*In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049 (9th Cir. 2008) ....................................................... 6

*Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003) ............................................................ 13, 14

*Lazar v. Superior Court*, 12 Cal.4th 631 (1996) ........................................................................ 8

*Montz v. Pilgrim Films & TV, Inc.*, 649 F.3d 975 (9th Cir. 2011) ............................................ 14

*Nunes v. Ashcroft*, 375 F.3d 805 (9th Cir. 2004) .................................................................. 13, 19

*Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491 (9th Cir. 1979) ...................... 17

*Pintando v. Miami-Dade Housing Agency,* 501 F.3d 1241 (11th Cir. 2007) ........................... 15

*Rockwell International Corp. v. United States*, 549 U.S. 457 (2007) ...................................... 15

*S.E.C. v. Ross*, 504 F.3d 1130 (9th Cir. 2007) ...................................................................... 17, 19

*Sanford v. Member Works, Inc.,* 625 F.3d 550 (9th Cir. 2010) ................................................. 15

*Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393 (9th Cir. 1986) ... 12, 13, 14

*United States v. Juvenile Male*, 118 F.3d 1344 (9th Cir. 1997) ................................................ 11

*United States v. United Healthcare Ins. Co.*, 848 F.3d 1161 (9th Cir., 2016) .......................... 12

*Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097 (9th Cir. 2003) ................................................. 8

*Washington v. Lowe's HIW, Inc.*, 75 F. Supp. 3d 1240 (N.D. Cal. 2014) ................................. 13

*Wright v. Yackley,* 459 F.2d 287 (9th Cir. 1972) ....................................................................... 17

**STATE CASES**

*Robinson Helicopter Co., Inc. v. Dana Corp.*, 34 Cal.4th 979 (2004) ...................................... 8

*Tarmann v. State Farm Mutual Auto Ins. Co.*, 2 Cal.App.4th 153 (1991) .............................. 8


**STATUTES**

18 U.S.C. § 1961(1) ............................................................................................................... 7

18 U.S.C. § 1962(c) ........................................................................................................... 6, 11

18 U.S.C. § 1962(d) ............................................................................................................. 11

18 U.S.C. § 1964 .................................................................................................................. 15

28 U.S.C. § 1367(a) ............................................................................................................. 15

28 U.S.C. §1391(b)(2) ......................................................................................................... 16

Cal. Business & Professions Code §§ 17200-17210 ............................................................ 14

Cal. Code Civ. Proc. § 415.10 ............................................................................................. 18

Cal. Code Civ. Proc. § 415.20 ............................................................................................. 18

Cal. Code Civ. Proc. § 417.10(a) ......................................................................................... 18

Cal. Penal Code § 396 ..................................................................................................... 7, 14


**RULES**

Fed. R. Civ. P. 4(l) ............................................................................................................... 18

Fed. R. Civ. P. Rule 9(b) ....................................................................................................... 8

Fed. R. Civ. P. 12(b) ............................................................................................................ 17

Fed. R. Civ. P. 12(b)(3) .................................................................................................. 15, 17

Fed. R. Civ. P. 12(b)(4), 12(b)(5) ........................................................................................ 19

Fed. R. Civ. P. 12(b)(6) ......................................................................................................... 5

# I. INTRODUCTION

Plaintiff Ruby Grapes' complaint fails to state a single claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Its opposition to Defendants' Motion to Dismiss provides no basis by which the Court could permit the conclusory and generalized allegations of Plaintiff's two racketeering causes of action, which are its only federal claims, to proceed. What is more, the facts alleged in the complaint – which are taken as true – preclude the possibility of Plaintiff amending its complaint to cure the defects in its federal claims.

While the Complaint claims that Defendant Intercoastal, its owners (Defendants Mitch and Rachele Spaletta) and an employee (Defendant Erica Bettencourt), operate a racketeering enterprise and have engaged in a racketeering conspiracy, the specific facts the complaint alleges support only a very simple and recent dispute over fees for local storage of bulk wine in Lodi. Instead of having its attorney write to Intercoastal explaining why Plaintiff disagreed with the invoice it received on July 31, 2020, Plaintiff filed this suit on the very same day it received the contested invoice. Hence, rather than plausibly stating a claim, the facts alleged in the complaint tend to suggest Plaintiff's suit was undertaken in bad faith. Nothing in the opposition to Defendants' motion serves to refute such a conclusion.

Because Plaintiff's allegations do not plausibly state a cause of action under the Racketeering Influenced and Corrupt Organizations ("RICO") statutes it invokes, and its complaint alleges no other federal cause of action, there is no basis for the Court to retain jurisdiction over Plaintiff's equally feeble state law claims. In addition, even if the complaint stated a federal claim, venue would be improper in the Northern District, an issue that was also raised in the Court's recent Order to Show Cause. However, the complaint should be dismissed in its entirety rather than transferred. No leave to amend should be granted because, based on the six-week course of dealing between Plaintiff and Defendants as detailed in its complaint, Plaintiff cannot amend to plausibly state its RICO claims. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

///

## II. ARGUMENT

### A. Plaintiff's Opposition Provides No Basis to Permit its Conclusory Claims of Racketeering to Proceed.

As Plaintiff acknowledges in its opposition, to adequately plead the conduct of a RICO enterprise, a complaint must raise a pattern of racketeering acts, and the pattern must consist of at least two such acts. Opp. p. 6, citing *Howard v. America Online, Inc.*, 208 F.3d 741, 750 (9th Cir. 2000). Plaintiff contends its allegations that Defendants quoted a new 50 cents per gallon storage fee on July 10 (Complaint, ¶¶ 30, 55), agreed to keep the fee at 8 cents per gallon on July 14 (Complaint ¶¶ 36, 58), then delivered an invoice quoting a fee of one dollar per gallon on July 31 (Complaint ¶¶ 38, 59), provide a "specific and numerous" statement of the required racketeering acts. Opp., p. 6. Plaintiff's contention suffers from multiple flaws, with the result that the Court is unable to "draw the reasonable inference that the defendant is liable for the [racketeering activities] alleged." *Ashcroft v. Iqbal, supra*, 556 U.S. at 678.

From the specific facts alleged in the complaint, *i.e.*, 1) the July 10 new price quote, followed by 2) agreement on July 14 and 3) invoicing on July 31 for a higher price, it is not facially plausible that Defendants are engaged in a serious criminal enterprise affecting interstate commerce, which is the heart of a RICO violation. 18 U.S.C. § 1962(c); *Bell Atl. Corp. v. Twombly, supra*, 550 U.S. at 570. Plaintiff's opposition contends that its complaint details numerous instances of Defendants' purported offending acts, but these three alleged events are the *only* non-general, non-conclusory factual allegations contained in the complaint. Even drawing all reasonable inferences in Plaintiff's favor, the Court need not accept as true those "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.,* 536 F.3d 1049, 1055 (9th Cir. 2008). Aside from allegations of a July 10 quote of a new storage fee, a July 14 agreement on fees, and a disputed invoice on July 31, Plaintiff's complaint is entirely conclusory, consisting only of the sort of "'naked assertions' devoid of 'further factual enhancement'" that cannot suffice. *Ashcroft v. Iqbal, supra*, 556 U.S. at 678, quoting *Bell Atlantic Corp. v.*

*Twombly, supra*, 550 U.S. at 557.

### 1. No Racketeering Activity.

In the first place, the opposition does not explain how Defendants invoicing Plaintiff – and only Plaintiff – a higher price for storage of bulk wine than Plaintiff alleges the parties agreed upon qualifies as an:

> act or threat involving murder, kidnapping, gambling, arson, robbery, bribery, extortion, dealing in obscene matter, or dealing in a controlled substance or listed chemical (as defined in section 102 of the Controlled Substances Act), *which is chargeable under State law and punishable by imprisonment for more than one year*.

18 U.S.C. § 1961(1)(A), *emphasis added*), or any of the other prohibited acts enumerated under subdivisions (B), (C), (D) or (E) of 18 U.S.C. § 1961. The opposition does not address this failure to sufficiently allege racketeering activity, which was raised in Defendants' motion (pp. 12-15). Plaintiff simply appears to disagree with the pricing in an invoice it received on the same day it filed its complaint.

As explained in Defendants' motion (pp. 13-14, 21-22), Plaintiff's claim of consumer price-gouging does not apply to its commercial storage arrangements with Intercoastal. The opposition failed to respond with any legal authority to the contrary. See Opp., pp. 7, 10, 15-16. Furthermore, as explained in the Motion to Dismiss, even if Defendants' transmittal of an invoice at a higher price than Plaintiff previously agreed to pay for bulk storage of its wine could plausibly be considered a crime in violation of the California price-gouging law, Cal. Penal Code § 396, such a violation would be merely a misdemeanor that is punishable by less than the minimum imprisonment threshold of greater than one year that is applicable to RICO activity. 18 U.S.C. § 1961. Plaintiff's opposition completely fails to address the issue.

### 2. Failure to Plead Fraud with Particularity.

The opposition appears to rest exclusively on the complaint's allegations of fraud as the supposed racketeering activity, and the purported fraud seems to consist solely of the July 10 new price quote, followed by agreement on July 14 and invoicing on July 31 for a higher price. Opp., pp. 6, 9-12; *see* Complaint, ¶¶ 30, 36, 38, 55, 58, 59. As set forth in the motion,

federal courts look to state law to determine whether the elements of fraud have been pleaded to sufficiently state a cause of action. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1105-1106 (9th Cir. 2003). The elements of fraud in California are: (1) misrepresentation; (2) knowledge of falsity; (3) intent to induce reliance on the misrepresentation; (4) plaintiff's justifiable reliance; and (5) plaintiff's resulting damage. *Robinson Helicopter Co., Inc. v. Dana Corp.*, 34 Cal.4th 979, 990 (2004), citing *Lazar v. Superior Court*, 12 Cal.4th 631, 638 (1996). Plaintiff's opposition recites substantively identical elements of the cause of action. Opp. pp. 9-10. As Plaintiff concedes, Rule 9(b) requires facts regarding fraud be pleaded with particularity. Opp. p. 9. The requirement applies to facts regarding fraud claims under RICO. *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1065-66 (9th Cir. 2004).

Despite averring the complaint's "numerous specific allegations" of fraud (Opp., p. 9), those "numerous specific allegations" consist solely of 1) the July 10 new price quote, followed by 2) agreement on July 14 and 3) invoicing on July 31 for a higher price. The opposition does not explain what particular facts – documents, discussions with Defendants or third parties, publications, industry practice or any other *fact* rather than Plaintiff's naked assertion of "information and belief" – plausibly exist that make any one of these alleged representations by the Defendants a knowing misrepresentation that is sufficient to support even a conceivable allegation of fraud, let alone a plausible one. *Bell Atl. Corp. v. Twombly, supra*, 550 U.S. at 570.

Instead, the opposition expresses dissatisfaction with California state law requirements to plead fraud with specificity (pp. 12-13), without citation to authority. It goes on to argue, based on *Tarmann v. State Farm Mutual Auto Ins. Co.*, 2 Cal.App.4th 153, 158 (1991), that when corporate Defendants "must necessarily possess full information concerning the facts of the controversy" the specificity requirement may be relaxed. The case is inapposite. Unlike this case, *Tarmann* concerned an individual plaintiff suing a large insurance corporation, over an auto insurance estimate. *Id.* at 156-157. But even in that instance the Court of Appeal "consider[ed] this exception inapplicable." *Id.* at 158.

Taking the allegations of the complaint as true, if Defendants decided to invoice at a

higher price on July 31, Plaintiff fails to explain how that action makes any of Defendants' representations knowingly false. Although the complaint may "state the time, place, and specific content" of the purportedly false representations, *Edwards v. Marin Park, Inc., supra*, 356 F.3d at 1066, it does not actually claim that the statements were in fact false when made, nor does it state any facts that would tend to indicate falsehood or knowing misrepresentation. The only thing the complaint's allegations establish is that there was a price negotiation in July, and then on July 31 the price of bulk wine storage at Intercoastal's Lodi facility increased and Plaintiff filed this suit instead of giving Defendants an opportunity to respond to Plaintiff's protest.

Only Plaintiff knows why Plaintiff believes any representation made by Defendants was purportedly false. The complaint provides no facts that justify its conclusory allegations of fraud. Moreover, the opposition provides no indication that Plaintiff could ever plead such facts consistent with the allegations of its complaint.

That Plaintiff "justifiably" relied upon, let alone suffered damage as a result of, its receipt of an invoice with a new storage price on July 31, 2020, which it alleges was a knowingly false representation, without further investigation prior to filing suit *that same day*, is simply not "plausible on its face." *Bell Atl. Corp. v. Twombly, supra*, 550 U.S. at 570. It is even more implausible that a simple storage fee negotiation over a two-week span with one client at one wine storage facility could constitute the grave criminal enterprise the complaint alleges under federal law. The Court cannot "draw the reasonable inference" that Defendants conduct a RICO enterprise or that Plaintiff had been damaged in any way when it filed this action on July 31. *Ashcroft v. Iqbal, supra*, 556 U.S. at 678.

### 3. No Damages.

The opposition appears to admit that any economic damage Plaintiff may have sustained due to acts of Defendants is merely *prospective*. Opp. p. 7. As explained in the Defendants' motion, the complaint asserts that Plaintiff's wine has a value of $7 million without stating what specific amount of damages, if any, either Plaintiff or its wine may have sustained on account of Defendants' alleged increase of the bulk storage price, or otherwise.

See Motion to Dismiss, pp. 17-18. Nor does the complaint provide specification or even a rough estimate of the purported "loss of revenue, loss of contractual relations, suppression of Plaintiff's marketability" it now asserts it suffers. Opp. p.8. Attempting to bolster the complaint's failure to allege financial damage, the Plaintiff's opposition also attempts to argue facts outside its complaint. Opp. pp. 10-11.[1]

The failure to allege actual damage is fatal to Plaintiff's RICO claims, because a RICO plaintiff "must show that he has suffered a concrete financial loss." *Chaset v. Fleer/Skybox Int'l, LP*, 300 F.3d 1083, 1086 (9th Cir. 2002), quoting *Fireman's Fund Ins. Co. v. Stites*, 258 F.3d 1016, 1021 (9th Cir. 2001). As explained in Defendants' Motion to Dismiss (pp. 17-18), the complaint contains no such allegations. The complaint does not allege that Plaintiff has actually paid any part of the increased rental fee for the storage of its wine, or that it engaged in interaction of any kind with Defendants prior to mid-June of this year. Indeed, the complaint tends to infer that Plaintiff's account for its bulk wine storage is presently in arrears. (Complaint, ¶ 31 (July 10, 2020 notice "provided that Plaintiff could not remove its Wine until all invoices were paid".)

That Intercoastal should expect to be paid for its storage services – whether at the old price or a new price – prior to Plaintiff removing its wine merely constitutes a normal business practice, not a dangerous criminal enterprise. Nothing in the opposition cures the complaint's failure to allege facts indicating that Plaintiff has suffered any concrete financial loss as a result of the Defendants' alleged acts. *Chaset v. Fleer/Skybox Int'l, LP, supra*, 300 F.3d at 1086. Based on the specific facts alleged in the complaint and the arguments of its opposition, Plaintiff cannot plausibly allege damage. *Bell Atl. Corp. v. Twombly, supra*, 550 U.S. at 570. Therefore, the Complaint should be dismissed.

### 4.   No Impact on Interstate Commerce.

Although the complaint alleges no act of Defendants affecting interstate commerce,

---

[1] Notably, new facts stated in the opposition concerning operations of Intercoastal's Lodi facility and Plaintiff's alleged post-complaint discovery of purported damage to its wine are *not* supported by any declaration under penalty of perjury. Such facts must therefore be discounted, and they cannot plausibly support Plaintiff's request for leave to amend.

the opposition appears to argue without legal authority (p. 7) that this defect can be cured by amendment, because *Plaintiffs* sell their wine outside of California.  This is insufficient. Plaintiffs have not pleaded Defendants' "probable or potential" impact on interstate commerce, and their opposition provides no indication that they could amend to do so. *United States v. Juvenile Male*, 118 F.3d 1344, 1349 (9th Cir. 1997) (alleged robbery of sandwich shop franchisee sending percentage of profits to out-of-state headquarters and theft of goods purchased from out-of-state suppliers provided sufficient *de minimis* allegations of impact on interstate commerce).  Here, as noted in Defendants' motion (pp. 16-17), the complaint alleges only that Defendants conduct a wine processing and storage business in one location in Lodi, California.  Plaintiff's claim that because the Defendants in Lodi emailed an invoice to Plaintiff in Livermore, they engaged in an interstate wire communication (opposition, p. 6) adds nothing to their unsupported claim that Defendants conduct an "enterprise engaged in, or the activities of which affect, interstate or foreign commerce." 18 U.S.C. § 1962(c).  Because the complaint alleges no activity affecting foreign or interstate commerce, not only does it fail to state a claim, but the Court also lacks jurisdiction to hear it under 18 U.S.C. § 1962(c) and 1962(d). *United States v. Juvenile Male, supra,* 118 F.3d at 1347.

### 5. Abandonment of RICO Conspiracy Cause of Action.

Plaintiff appears to have abandoned its claim of RICO conspiracy, as the opposition contains no reference to 18 U.S.C. § 1962(d), addressing only its state law civil conspiracy claim. Opp. p. 16.  As noted in Defendants' motion, a RICO conspiracy claim cannot exist without an underlying RICO violation. *Howard v. America Online, Inc., supra*, 208 F.3d at 751.  Plaintiff's second cause of action must be dismissed, for the Plaintiff's failure to respond to the arguments of Defendants' Motion to Dismiss as well as due to the failure of its first cause of action to state a claim for RICO enterprise, as discussed above and in Defendants' Motion to Dismiss.  *Ibid.*

### B. The Opposition Sets Forth No Valid Ground for Leave to Amend.

Plaintiff requests leave to amend, should its complaint be dismissed, citing *United

1  *States v. United Healthcare Ins. Co.*, 848 F.3d 1161, [1184] (9th Cir., 2016); *A.E. v. County
2  of Tulare*, 666 F.3d 631, 636 (9th Cir., 2012); and *Schreiber Distrib. Co. v. Serv-Well
3  Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).  In each of these cases, plaintiffs who
4  might have been able to successfully amend their complaints obtained leave to do so on
5  appeal, after a determination that it had been an abuse of the lower court's discretion to deny
6  leave to amend.  In *A.E. v. County of Tulare*, the Ninth Circuit noted that, under the
7  applicable standard, it would *not* be an abuse of a court's discretion to deny leave to amend
8  where amendment would be futile.  666 F.3d at 636.  Only *Schreiber* concerns allegations of
9  fraud within the context of a RICO claim, and it is distinguishable on its facts.

10         In *Schreiber*, one corporate plaintiff sued another company, who had represented that
11  it would not, and then contrary to its representation did, sell plaintiff's product in particular
12  locations.  *Schreiber, supra,* 806 F.2d at 1395.  Plaintiff's complaint included RICO claims
13  of mail fraud and wire fraud, invoking defendant's demonstrably false representations
14  regarding the location where its goods would be sold.  *Id.* at 1400.  After the District Court
15  dismissed the RICO counts for failure to plead the fraud claims with particularity, the Ninth
16  Circuit reversed.  *Id.* at 1401-1402.  It held that "the allegations describing the operative
17  events failed to mention any use of the mails or telephones," as the means of conveying
18  fraudulent representations, and that therefore the racketeering allegation, "standing alone,"
19  was "not sufficiently particular to satisfy Rule 9(b)."  *Id.* at 1401.  However, dismissal with
20  prejudice was inappropriate where "the district court did not determine, nor can we conclude,
21  that the allegation of other facts could not possibly cure the deficiencies" of the complaint.
22  *Ibid.*

23         *Schreiber* does not save the Plaintiff's RICO claims here.  Plaintiff's complaint
24  contains no allegation of demonstrably false or fraudulent representations by Defendants.
25  Unlike *Schreiber*, the Plaintiff here does not point to a years-long pattern of documented
26  actions contrary to any repeated representations by Defendants to Plaintiff or anyone.  Nor
27  could the complaint possibly be amended to do so, based on the exceedingly brief time frame
28  that is encompassed by the facts stated in the complaint.  Defendants purchased the Lodi

facility in or about May of 2020, Plaintiff's interactions with Defendants began in mid-June of 2020, and the two-week period of price negotiations for storage of Plaintiff's wine ended with transmittal of an invoice at a different price than Plaintiff apparently expected and the precipitous filing of this complaint on the very same day, July 31, 2020.  There is no room in this brief lapse of time for Plaintiff to *plausibly* state a claim for racketeering activity, particularly one based on an uninvestigated increase in bulk wine storage fees.  *Ashcroft v. Iqbal, supra*, 556 U.S. at 678; *Bell Atlantic Corp. v. Twombly, supra*, 550 U.S. at 570.

As explained in Defendants' Motion to Dismiss (pp. 19-20), several factors in favor of denying leave to amend are present here:  prejudice to the opposing party, bad faith and futility.  *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004); *Washington v. Lowe's HIW, Inc.*, 75 F. Supp. 3d 1240, 1245 (N.D. Cal. 2014).  In *Washington*, where the plaintiff was denied leave to amend, the Court gave great weight to the factors of prejudice and futility, both of which are present here.  *Id.* at 1255.  Defendants submit that the factor of bad faith adds substantial additional weight here.  The timing of this complaint, and the lack of particularity with which the fraud and RICO claims are alleged all point to a reasonable inference of bad faith.  Plaintiff's opposition fails to address Defendants' bad faith and prejudice arguments.

Dismissal without leave to amend is appropriate if the court is satisfied that a complaint's deficiencies could not possibly be cured by amendment.  *A.E. v. County of Tulare, supra*, 666 F.3d at 636; *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003).  See also *Albrecht v. Lund*, 845 F.2d 193, 195-196 (9th Cir. 1988) (dismissal without leave to amend is proper where the "allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency"), citing *Schreiber, supra,* 806 F.2d 1401.  Plaintiff asserts it can amend to state a claim, but it does not identify by what means it proposes to cure the many defects of its pleading.  Its only offers of proof supported by declarations are supplied to counter the Defendants' defenses of improper venue and insufficiency of process and service of process.  DKT 19-1, DKT 19-2.

If Plaintiff proposes to amend its complaint to assert contract causes of action against

Defendants, supported by the Declarations of Mr. Natsis and Mr. Misson, it could not do so consistently with the tort and crime allegations of the existing complaint. Therefore, leave to amend should not be granted. *Albrecht v. Lund, supra*, 845 F.2d at 195; see also *Montz v. Pilgrim Films & TV, Inc.*, 649 F.3d 975, 984 at fn. 3 (9th Cir. 2011) (where defects of complaint could only be cured by allegations inconsistent with the present complaint, leave to amend was properly denied). Furthermore, to the extent Plaintiff argues it can amend its complaint to state some plausibly conceived cause of action based on its current specific factual allegations, such allegations would appear to constitute merely garden variety state law business claims that would not properly be before this Court in any event.

Because Plaintiff has presented to the Court no set of circumstances it could plausibly plead to cure the defects of its RICO claims, amendment would be futile, and the complaint should be dismissed with prejudice. *A.E. v. County of Tulare, supra*, 666 F.3d at 636; *Jackson v. Carey, supra*, 353 F.3d at 758; *Albrecht v. Lund, supra*, 845 F.2d at 195; *Schreiber, supra,* 806 F.2d 1401.

### C. There is No Basis for the Court to Retain Jurisdiction of Plaintiff's Insufficiently Pleaded State Law Claims.

As explained in Defendants' Motion to Dismiss (pp. 20-24), Plaintiff's complaint also fails to state a claim for any of its state law causes of action. Its state law fraud claims are premised upon the same facts concerning storage fee negotiations as its RICO claims, as Plaintiff admits. Opp., pp. 9-10, citing Complaint, ¶¶ 58, 60. Its unfair competition and price-gouging claims fail under both state statutes invoked by the complaint (Cal. Business & Professions Code §§ 17200-17210 and Cal. Penal Code § 396), including due to lack of ability to claim damages as restitution and as Plaintiff has incurred no financial damage, and the opposition offers no substantive argument to preserve these causes of action. Opp., pp. 14-16. The opposition admits that absent discovery of new facts it has no facts to assert to support its civil conspiracy and unjust enrichment causes of action (Opp. p. 16). The only specific facts Plaintiff relies upon to support its conversion cause of action appear to be the same increase in storage price the complaint alleges Plaintiff learned about on the day it filed

its complaint. Opp., pp. 16-17.  The opposition still does not explain how the complaint's naked assertion that Defendants are purportedly "trying to keep Plaintiff's Wine and monies" (Complaint, ¶ 101), despite ongoing apparently voluntary storage and an intent to remove the wine, necessitates an injunction.  In any case, and assuming Plaintiff's complaint could state a RICO claim, the RICO statutes authorize only the recovery of money damages and attorney fees by private litigants.  18 U.S.C. § 1964.

Furthermore, as discussed above, Plaintiff cannot state facts consistent with the facts alleged in its complaint that would cure the deficiencies of its federal claims.  Therefore, the doctrine of supplemental jurisdiction under 28 U.S.C. § 1367(a) does not apply to prevent dismissal of the complaint in its entirety, as explained in Defendants' Motion to Dismiss (p. 20).  Even if Plaintiff could amend to plausibly state its claims under state law, the Court would have no jurisdiction over those claims without related federal claims.  *Pintando v. Miami-Dade Housing Agency,* 501 F.3d 1241, 1242-1243 (11th Cir. 2007), citing *Rockwell International Corp. v. United States*, 549 U.S. 457 at fn. 6, 127 S. Ct. 1397, 167 L. Ed. 2d 190 (2007); see also *Sanford v. Member Works, Inc.,* 625 F.3d 550, 561 (9th Cir. 2010).  Therefore, the complaint should be dismissed in its entirety.

### D.   Plaintiff's Declarations Do Not Establish Proper Venue.

Even assuming the Complaint stated a federal claim, venue is improper in the Northern District, as discussed in Defendants' Motion to Dismiss (pp. 24-25).  Fed. R. Civ. Proc. 12(b)(3).  See also DKT 12, Order to Show Cause Why Case Should Not Be Transferred.  In response to both the Court's Order to Show Cause and the Motion to Dismiss, Plaintiff submitted the Declaration of its CEO, Hakam Misson, and the Declaration of the former owner of Intercoastal's Lodi facility, Dimitrios Natsis.  Neither declaration supplies facts related to any of the events detailed in the complaint's specific allegations of fact regarding Defendants.  Therefore, they are of no help to Plaintiff's argument that venue is proper in this District.

The complaint alleges that Defendants purchased the Lodi facility on or about May 1, 2020.  Complaint, ¶ 27.  None of the events detailed in the complaint pre-date May 1, 2020.

1  Yet the Misson Declaration chiefly discusses events related to Plaintiff's business dealings
2  with Mr. Natsis, up through the time the property was sold.  DKT 19-1, Misson Dec., ¶¶ 5-
3  12.  The Misson Declaration also addresses the transfer of licenses, which appears entirely
4  irrelevant to the complaint, and the fact that Mr. Misson has communicated with Defendant
5  Mitch Spaletta, who undisputedly resides and conducts business in San Joaquin County
6  (DKT 9-1, M. Spaletta Dec., ¶¶ 2-3), from Mr. Misson's office in Livermore.  It sets forth no
7  facts related to the complaint's factual allegations concerning the Defendants.  Similarly, the
8  Natsis Declaration discusses the sale of the Lodi facility, license transfers related to the sale,
9  and events related to his operation of his own business during the years prior to the sale, but
10 it raises no facts related to any issues or events detailed in the complaint.  DKT 19-2, Natsis
11 Dec., ¶¶ 3-14.

12 Plaintiff does not contest that all Defendants are domiciled in the Eastern District.
13 See DKT 9-1, 9-2, 9-3.  Plaintiff instead contends that it is *Plaintiff's* domicile and *Plaintiff's*
14 CEO's location when he spoke with one defendant that should control.  This is not the law,
15 particularly as it relates to the specific statute Plaintiff invokes, 28 U.S.C. §1391(b)(2).
16 Complaint, ¶ 19.

17 Plaintiff relies on unpublished District Court cases to support its argument.  Opp., pp.
18 19-20.  Its argument, which is confined to the question of determining proper venue in a
19 contract action, is not tethered to the facts of its own complaint.  Although the Misson and
20 Natsis Declarations both discuss certain contracts, the contracts they discuss pre-date the
21 events of the complaint and concern oral agreements between Plaintiff and the non-party
22 former owner, Mr. Natsis, without any assertion that Defendants were aware of such oral
23 agreements or are bound by them.  Notably, the complaint asserts no contract-based cause of
24 action.  It does not even mention the word "contract."

25 The opposition then argues at length for venue in the Northern District on the basis of
26 *forum non conveniens*, which is not at issue here, as neither the Defendants' motion nor the
27 Court's Order to Show Cause raised the matter.  Opp. pp. 20-24.

28 As explained in Defendants' Motion, the Eastern District is the "judicial district in

which a substantial part of the events or omissions giving rise to the claim occurred," as well as where "a substantial part of property that is the subject of the action is situated." Plaintiff has not met its burden, upon challenge, of demonstrating that venue is proper in the Northern District. *Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979). All of the events alleged in the complaint occurred in Lodi, and all of property potentially at issue is situated in Lodi. Complaint, ¶¶ 2, 21, 22, 27, 28, 30, 32, 33, 35-39, 53, 55, 57-61. Therefore, exactly as suggested by the Court's Order to Show Cause, venue is proper in the Eastern District and it is improper in the Northern District. Though no part of Plaintiff's case should survive the Motion to Dismiss, any claims that do remain should be dismissed for improper venue. Fed. R. Civ. P. 12(b)(3).

### E. Defendants Have Not Waived Their Right to Sufficient Service of Process.

Plaintiff argues that Defendants, by appearing generally and not specially and by moving to dismiss, have waived "any alleged process of service issues" (Opp., p. 24). Plaintiff is mistaken. The Federal Rules have abolished any distinction between "general" and "special" appearances. No defense or objection is waived by joinder with other defenses. Fed. R. Civ. P. 12(b). Defendants may appear in and defend this action without waiving their jurisdictional objections, including those arising from insufficient process or insufficient service of process, provided they raised these defenses in their pre-answer motion or answer, as Defendants have done. *Wright v. Yackley,* 459 F.2d 287, 291 (9th Cir. 1972), citing Fed. R. Civ. P. 12. Because none of the Defendants have been properly served, the Court lacks jurisdiction over them. *S.E.C. v. Ross*, 504 F.3d 1130, 1138 (9th Cir. 2007).

Plaintiff claims service was proper and presents the Declaration of Dan Abdallah to support its opposition to Defendants' request for dismissal on grounds of insufficient process and insufficient service of process. Plaintiff has not satisfied its burden. *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004). Mr. Abdallah's declaration establishes only that he personally provided papers to Ms. Bettencourt on a disputed date in August, 2020.[2] His

---

[2] The date of purported service stated by Mr. Abdallah does not comport with the date Ms. Bettencourt declares she was handed a summons and complaint. *Compare* DKT 9-3, ¶ 4 and Ex. A *with* DKT 19-3, ¶ 3.

17

declaration does not refute the fact that Ms. Bettencourt was not served with the operative summons in this case, as established by Ms. Bettencourt's own declaration and Ex. A thereto (DKT 9-3).  Therefore, she did not receive sufficient process.  Fed. R. Civ. P. 12(b)(4).  What is more, his declaration does not establish "the time, place, and manner of service and facts showing that the service was made in accordance with" the requirements of Chapter 4 of Title 5 of Part 2 of the California Code of Civil Procedure, as required in this state.  Cal. Code Civ. Proc. § 417.10(a).  Notably, no proof of service has yet been filed with the Court, as required under the federal rules, Fed. R. Civ. P. 4(l), nor does Mr. Abdallah's declaration either constitute or attach a valid proof of service in California as to any of the Defendants.

Mr. Abdallah's conclusory statements that Ms. Bettencourt was purportedly "authorized to accept service" on behalf of other Defendants are not supported by any specific facts indicating where and when she was served, or even whether he established Ms. Bettencourt's authority to accept service on behalf of any other defendant.  Cal. Code Civ. Proc. §§ 415.10, 415.20, 417.10(a).  He does not state that he inquired whether she was so authorized, inquired as to her position with Defendant Intercoastal, or otherwise investigated and satisfied the requirements for personal or substituted service in California.  Cal. Code Civ. Proc. § 415.20.  Mr. Abdallah's declaration does not meet the requisite standards.

Likewise, his vague statements that "a copy was mailed" to Defendants Mitch Spaletta and Rachele Spaletta is insufficient.  His declaration does not establish the date, time and place of service, and by whom the mail service that is required to effect substituted service was carried out, nor does he attach such a certificate of service signed under penalty of perjury by an individual who actually completed such a mailing.  Cal. Code Civ. Proc. §§ 415.20, 417.10(a).  Furthermore, as established by the Defendants' declarations, even if the required mail service was completed and Mr. Abdallah's declaration were compliant with statutory requirements for proof of service, the Defendants other than Ms. Bettencourt had still not received service some three weeks later.  DKT 9-1, M. Spaletta Dec., ¶ 4; DKT 9-2, R. Spaletta Dec., ¶ 4.  Plaintiff does not address the fact that no Defendant has been served with the operative summons, and Mr. Abdallah's declaration is insufficient to establish that

all Defendants received sufficient process and service of process. Fed. R. Civ. P. 12(b)(4), 12(b)(5).

Due to insufficient process and insufficient service of process, the Court lacks jurisdiction over each of the four Defendants. *S.E.C. v. Ross, supra,* 504 F.3d at 1138. If any portion of the complaint survives Defendants' Motion to Dismiss, and if the Court should then conclude that transfer rather than dismissal would be the most appropriate remedy to address the issue of improper venue, Defendants respectfully request this action nonetheless be dismissed for insufficient service of process because Plaintiff has not met is burden, upon challenge, to show that all Defendants received sufficient process and sufficient service of process. *Brockmeyer v. May, supra*, 383 F.3d at 801.

### III. CONCLUSION

For all the foregoing reasons and the reasons stated in their Motion to Dismiss, Defendants respectfully request the Court grant the Motion to Dismiss in its entirety pursuant to Fed. R. Civ. Proc. 12(b)(6) for failure to state a claim. Defendants respectfully submit that dismissal with prejudice is warranted because amendment of the RICO claims, which Defendants submit were brought in bad faith, would be futile. *Nunes v. Ashcroft, supra*, 375 F.3d at 808.

Dated: September 16, 2020            FRIEDMAN & SPRINGWATER LLP

                                     By:  */s/ Ruth Stoner Muzzin*
                                     Ruth Stoner Muzzin
                                     Attorneys for Defendants
                                     INTERCOASTAL WINE COMPANY, LLC,
                                     MITCH SPALETTA, RACHELE SPALETTA,
                                     AND ERICA BETTENCOURT